FILED - LN
August 25, 2026 10:52 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: nmi / ______ SCANNED BY: NI 8/25

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

1:26-cv-2424
Hala Y. Jarbou
Chief U.S. District Judge

**LAURIE -FOLLETT**

Plaintiff,

v. Case No.

______________________

**KALEN RUGGIERO,**

Clinton County Sheriff's Deputy,

in his individual capacity,

Defendant.

__________________________________________/

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**42 U.S.C. § 1983**

*JURY TRIAL DEMANDED*

Plaintiff Laurie Elizabeth Green-Follett, proceeding pro se, alleges:

I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events occurred in Clinton County, Michigan, within this District.

## II. **PARTIES**

4. Plaintiff Laurie Elizabeth Green-Follett is a Michigan resident.

5. Defendant Kalen Ruggiero was a Clinton County Sheriff's Deputy acting under color of state law.

6. Ruggiero is sued in his individual capacity.

## III. **FACTUAL ALLEGATIONS**

7. On or about August 24, 2023, Plaintiff and Thomas G. Klein were involved in a confrontation at their shared residence.

8. Klein came up behind Plaintiff and wrapped his arms around her while Plaintiff attempted to get away from him.

9. During the confrontation, Klein ripped Plaintiff's shirt from her body.

10. Plaintiff fell and struck her head.

11. Plaintiff did not strike Klein or intentionally injure him.

12. Plaintiff did not possess, display, threaten Klein with, or use a butcher knife against Klein.

13. Plaintiff attempted to call 911 for assistance.

14. Klein interfered with Plaintiff's access to her telephone and removed Plaintiff's vehicle from the residence without her permission.

15. Defendant Ruggiero responded to the scene.

16. When Ruggiero encountered Plaintiff, no physical confrontation was occurring and Plaintiff was not threatening Klein or anyone else.

17. Before Plaintiff provided Ruggiero with a substantive account, Ruggiero told Plaintiff, substantially and to the best of her recollection, that he had known Klein for approximately twenty-five years.

18. Plaintiff had not been told that Klein was accusing her of causing his head injury or of using a knife.

19. Plaintiff made no admission that she struck or injured Klein.

20. Plaintiff made no admission that she possessed, displayed, threatened Klein with, or used a knife.

21. Before arresting Plaintiff, Ruggiero did not disclose the specific knife allegation to Plaintiff or ask Plaintiff whether she possessed or used the alleged knife.

22. Ruggiero also did not ask Plaintiff whether she caused Klein's head injury.

23. Law enforcement observed and photographed an injury to Klein's head.

24. Plaintiff did not cause that injury and does not know how Klein sustained it.

25. The existence of Klein's injury did not, standing alone, establish who caused it or connect Plaintiff to a dangerous weapon.

26. Law enforcement also photographed or recovered a butcher knife associated with the accusation.

27. Plaintiff did not touch, possess, display, threaten Klein with, or use that knife.

28. No officer observed Plaintiff possessing or using the alleged knife.

29. Plaintiff made no admission concerning the alleged knife.

30. Ruggiero personally arrested Plaintiff without a warrant.

31. Plaintiff alleges that the facts and reasonably trustworthy information known to Ruggiero at the time did not establish probable cause for her arrest.

32. Plaintiff was subsequently charged in Clinton County 65-A District Court with Assault With a Dangerous Weapon under Mich. Comp. Laws § 750.82.

33. The official Register of Actions identifies "RUGGIERO/KALEN - CLINTON CO SHERIFF" as the Officer/Agency associated with that felony charge.

34. Plaintiff was arraigned on August 25, 2023 and pleaded not guilty to the felony.

35. Plaintiff was subjected to a $7,500 surety bond, a no-contact condition, and other pretrial restrictions on her liberty.

36. On September 14, 2023, the Assault With a Dangerous Weapon charge was dismissed.

37. Plaintiff was never convicted of that felony.

38. A separate domestic-violence proceeding arising from the incident was resolved under Mich. Comp. Laws § 769.4a.

39. Plaintiff does not challenge or seek to invalidate that separate disposition.

40. Plaintiff's malicious-prosecution claim concerns only the dismissed Assault With a Dangerous Weapon felony.

**IV. COUNT I**
**FOURTH AMENDMENT -**
**WARRANTLESS ARREST WITHOUT PROBABLE CAUSE**
**42 U.S.C. § 1983**

41. Plaintiff incorporates paragraphs 1 through 40.

42. A warrantless arrest must be supported by probable cause based upon reasonably trustworthy facts and circumstances known to the arresting officer. Beck v. Ohio, 379 U.S. 89, 91 (1964).

43. Plaintiff alleges that the totality of reasonably trustworthy information known to Ruggiero did not establish probable cause for her warrantless arrest.

44. Plaintiff had made no admission that she assaulted Klein or possessed or used a dangerous weapon.

45. No officer observed Plaintiff possessing or using the alleged knife.

46. Ruggiero nevertheless intentionally seized and arrested Plaintiff without a warrant and without constitutionally sufficient probable cause.

47. Ruggiero thereby violated Plaintiff's rights under the Fourth Amendment.

48. As a direct and proximate result, Plaintiff suffered loss of liberty and other compensable damages.

## V. COUNT II
## FOURTH AMENDMENT –
## MALICIOUS PROSECUTION /
## UNLAWFUL POST-LEGAL-PROCESS SEIZURE
## 42 U.S.C. § 1983
## DISMISSED FELONY CHARGE ONLY

49. Plaintiff incorporates paragraphs 1 through 40.

50. This Count concerns only the dismissed Assault With a Dangerous Weapon felony.

51. A Fourth Amendment claim may arise when a defendant made, influenced, or participated in causing a prosecution unsupported by probable cause that resulted in a qualifying deprivation of liberty. See Sykes v. Anderson, 625 F.3d 294, 308-10 (6th Cir. 2010).

52. Ruggiero personally arrested Plaintiff, and the official criminal record identifies him as the Clinton County Sheriff's Officer/Agency associated with the felony charge.

53. Plaintiff alleges that Ruggiero made, influenced, or participated in causing the Assault With a Dangerous Weapon charge to be presented for prosecution.

54. Plaintiff does not presently possess every charging document, police communication, or prosecutor communication concerning Ruggiero's participation, and further details concerning that participation may be established through discovery.

55. Plaintiff alleges that probable cause was absent for the specific Assault With a Dangerous Weapon charge.

56. Plaintiff did not possess, display, threaten Klein with, or use the alleged butcher knife.

57. Plaintiff made no admission concerning possession or use of a dangerous weapon, and no officer observed Plaintiff possessing or using the alleged knife.

58. Plaintiff was subjected to legal process and continuing restrictions on her liberty, including bond and a no-contact condition.

59. The felony charge was dismissed on September 14, 2023, and Plaintiff was never convicted of that charge.

60. A favorable termination does not require an affirmative indication of innocence when the prosecution ended without a conviction. Thompson v. Clark, 596 U.S. 36, 49 (2022).

61. Probable cause for another charge does not categorically defeat a Fourth Amendment malicious-prosecution claim concerning a separate charge unsupported by probable cause. Chiaverini v. City of Napoleon, 602 U.S. 556 (2024).

62. Plaintiff alleges that Ruggiero made, influenced, or participated in causing the dismissed felony prosecution without probable cause.

63. As a direct and proximate result, Plaintiff suffered loss of liberty and other compensable damages.

## VI. **DAMAGES AND RELIEF**

64. Plaintiff suffered loss of liberty, emotional distress, humiliation, disruption of her housing and personal life, reputational injury, financial loss, and burdens associated with the criminal proceedings.

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages in an amount determined by the jury;

B. Nominal damages;

C. Punitive damages against Defendant Ruggiero in his individual capacity as permitted by law;

D. Taxable costs and interest as permitted by law; and

E. Such other relief as the Court deems just and proper.

## VII. **JURY DEMAND**

65. Plaintiff demands a jury trial on all issues so triable under Fed. R. Civ. P. 38 and the Seventh Amendment.

Dated: August 25, 2026

Respectfully submitted,

LAURIE ~~ELIZABETH~~ ~~GREEN~~-FOLLETT
Plaintiff, Pro Se
P.O. Box 506
Eureka, Michigan 48833
Telephone: (989) 640-9339
Email: LaurieGreen2731@gmail.com