UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE FOLLETT,

Plaintiff,

v.

KALEN RUGGIERO,

Defendant.

Hon. Hala Y. Jarbou

Case No. 1:26-cv-2424

______________________________/

**ORDER**

Plaintiff Laurie Follett brings this civil action under 42 U.S.C. § 1983 against Kalen Ruggerio, a Clinton County Sheriff's Deputy, alleging claims of false arrest and malicious prosecution under the Fourth Amendment. On September 22, 2026, the magistrate judge issued a report and recommendation ("R&R") that the Court dismiss the case under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. (ECF No. 10.) Before the Court are Follett's objections to the R&R (ECF No. 11) and her motion for leave to amend her complaint (ECF No. 12). Under Rule 72 of the Federal Rules of Civil Procedure:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the Court will overrule Follett's objections to the R&R, deny the motion for leave to amend, and dismiss the case.

## I. BACKGROUND

On August 24, 2023, Follett and Thomas Klein were involved in a domestic confrontation at their shared residence. (Compl. ¶ 7, ECF No. 1.) Following a physical struggle, a 911 call was

made from the residence. (*Id.* ¶ 13.) Deputy Ruggiero responded (*id.* ¶ 15), and upon arrival he noticed an injury to Klein's head (*id.* ¶ 23). Ruggerio also found a butcher knife at the scene. (*Id.* ¶ 26.) Klein accused Follett of assaulting him with the recovered knife. (*Id.* ¶ 18.) Follett denied injuring Klein, (*id.* ¶ 24), but Ruggerio arrested her (*id.* ¶ 30). Follett was later charged with assault with a dangerous weapon (*id.* ¶ 32) and domestic violence (*id.* ¶ 38). The assault with a dangerous weapon charge was subsequently dismissed. (*Id.* ¶ 36.)

Follett then initiated this action under 42 U.S.C. § 1983 against Ruggerio in his individual capacity, claiming false arrest and malicious prosecution. The magistrate judge concluded that her complaint failed to state a claim because Ruggerio had probable cause to arrest Follett. (R&R 4.) And because probable cause existed for a lawful arrest, the malicious prosecution claim failed as a matter of course. (*Id.* at 5.) Follett timely objected to the R&R and has also filed a motion for leave to amend her complaint (ECF No. 12).

## II. ANALYSIS

### A. Objections

Follett's first and second objections are of a kind. Both objections challenge the adequacy of the R&R's probable cause analysis. First, she contends that the magistrate judge misconstrued the allegations in her complaint, and second, that the magistrate judge erred by relying on Klein's uncorroborated eyewitness testimony to establish probable cause.

A police officer's probable cause determination is a "totality of the circumstances" inquiry that must consider "both the inculpatory and exculpatory evidence." *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015) (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)). "A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). But an eyewitness account standing alone may fall "short of establishing probable cause

absent some corroborating evidence of wrongdoing," *Wesley*, 779 F.3d at 429, when "at the time of the arrest, there is apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation." *Legenzoff v. Steckel*, 564 F. App'x 136, 142 (6th Cir. 2014) (quoting *Ahlers*, 188 F.3d at 370).

Here, accepting Follett's well-pleaded allegations as true, there is no apparent indication that Klein was lying. Moreover, his statements are corroborated, not diminished, by Follett's proposed amended allegations. In her proposed amended complaint, Follett alleges that Ruggerio arrived at the residence after Klein called to report a "possible psychiatric episode or drug-related episode" at their home. (Proposed Am. Compl. ¶ 27, ECF No. 12-1.) Upon his arrival, according to Follett's allegations in both her original and proposed amended complaint, Ruggerio observed or heard the following: *First*, Klein had a visible head injury. (Compl. ¶ 23.) *Second*, there was either "a butcher knife" (Compl. ¶ 26) or a "household knife" (Proposed Am. Compl. ¶ 55) among utensils that had been removed from a drawer and scattered on the floor. *Third*, Klein told Ruggerio that Follett had assaulted him with a knife. (Compl. ¶ 18; Proposed Am. Compl. ¶ 38.) *Fourth*, Follett was in the garage "without a shirt" on (Proposed Am. Compl. ¶ 42) and was "uncooperative" with Ruggerio's investigation (*id.* ¶ 41). There being no apparent reason to determine that Klein was lying, his eyewitness statement is sufficient probable cause on its own. When combined with the recovered knife, his head injury, and Follett's distressed mental state, there is more than enough evidence to establish probable cause that Follett had committed an assault with a dangerous weapon.

Follett also argues the R&R erred by holding that probable cause for any crime operates as a categorical bar to a malicious prosecution claim. Malicious prosecution, like false arrest, is an

unreasonable seizure under the Fourth Amendment. *Chiaverini v. City of Napoleon* 602 U.S. 556, 562 (2024). All that is required for a police officer to effect a lawful arrest is probable cause that the suspect has committed *any* criminal offense. *See District of Columbia v. Wesby*, 583 U.S. 48, 54 (2018). Malicious prosecutions claims, on the other hand, must be evaluated on a charge-by-charge basis; probable cause for one criminal offense does not preclude a malicious prosecution claim on a separate offense. *Chiaverini*, 602 U.S. at 562. Prior to *Chiaverini*, however, the Sixth Circuit had applied the false arrest framework to claims of malicious prosecution. *See, e.g.*, *Howse v. Hodous*, 953 F. 402, 408–09 (6th Cir. 2020). But even if the R&R relied on pre-*Chiaverini* case law that applied the false arrest rule to Follett's malicious prosecution claim, the error would be harmless because probable cause existed for the dismissed felony assault crime.

Follett further argues that the magistrate judge erred in denying her leave to appeal as a pauper. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "An appeal is not taken in good faith if the issue presented is frivolous." *Wilson v. Todd*, 178 F. Supp. 925, 929 (W.D. Tenn. 2001) (citing *Coppedge v. United States*, 469 U.S. 438, 445 (1962)). The same reasons that support the Court's decision to dismiss this case also compel the conclusion that an appeal would be frivolous. Because the Court certifies that an appeal would not be taken in good faith, Follett is not eligible to proceed on appeal *in forma pauperis.*

**B. Motion to Amend**

The Court must determine whether Follett's amended complaint states a legally cognizable claim. Under Rule 15, a party may move for leave to amend her complaint, which the Court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court can deny leave to amend where the amendment would be futile. *Whipple v. Tenn. Bd. of Paroles*, No. 18-5390, 2019 WL 1804845, at *4 (6th Cir. Jan. 3, 2019); *see also Crawford v. Roane*, 53 F.3d 750, 753

(6th Cir. 1995). An amended complaint is futile "[i]f the district court concludes that the pleading as amended could not withstand a motion to dismiss." *Spigno v. Precision Pipeline, LLC*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court begins with Follett's false arrest and malicious prosecution claims. The amended complaint largely mirrors the original complaint, but certain facts are reframed and additional context is added. For example, her amended complaint clarifies that it was Klein, not Follett, who made the 911 call to which Ruggerio responded. (Proposed Am. Compl. ¶ 26.) Klein allegedly made the call to report that Follett was experiencing a possible psychiatric or drug-related episode. (*Id.* ¶ 27.) The "butcher knife" (Compl. ¶ 26) recovered at the scene is now a "household knife" (Proposed Am. Compl. ¶ 55), which law enforcement recovered among several utensils allegedly scattered on the floor by Klein. (*Id.*) Follett also alleges that Klein's head injury was a mark left by a pimple that Klein had popped the night before. (*Id.* ¶ 51.) In addition, Follett alleges that Ruggerio failed to interview Follett's minor child, who was allegedly present at the scene, to corroborate Klein's assault accusation. (*Id.* ¶¶ 56–63.) None of these new or amended allegations change the principal bases for Ruggerio's probable cause determination: that Klein, an eyewitness, claimed Follett had assaulted and injured him (*id.* ¶ 52), and law enforcement recovered a stray knife on the floor of the residence (*id.* ¶ 55). Therefore, Follett's amended complaint fails to state a claim for unlawful arrest or malicious prosecution.

Follett's amended complaint also contains a new municipal liability claim against Clinton County under *Monell v. Department of Social Services.*, 436 U.S. 658 (1978). To succeed on her

§ 1983 claim against Clinton County, Follett "must 'identify the policy, connect the policy to the County itself and show that the particular injury was incurred because of the execution of that policy.'" *Jordan v. City of Detroit*, 557 F. App'x 450, 454 (6th Cir. 2014) (quoting *Graham ex rel. Estate of Graham v. County of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004). A plaintiff establishes an illegal policy or custom by demonstrating: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Here, Follett alleges that following her arrest she made several 911 calls regarding, among other issues, assistance with recovering her vehicle, mail, and debit cards that were taken by Klein. (Proposed Am. Compl. ¶¶ 123–24.) She alleges that Clinton County had a practice of referring those calls to Ruggerio (*id.* ¶ 125), and consequently her 911 calls were not independently investigated and no police reports prepared on them (*id.* ¶ 126).

Follett's allegations do not state a violation of a federal right. Her amended complaint essentially asserts a federal right to have her complaints about Klein's alleged lawbreaking investigated by an independent party. But "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard*, 410 U.S. 614, 619 (1973)); *see also Am. Assoc. of Nurse Anesthesiology v. Kennedy*, 183 F.4th 427, 436 (6th Cir. 2026) ("In general, plaintiffs lack standing to compel enforcement actions against third parties because it's unclear how those third parties will react."). And even if there was such a right, Follett's complaint would fail to establish that a violation occurred here. Assuming for the sake of argument that Clinton County's 911 dispatchers have a policy of referring her calls to Ruggerio, Follett has made no allegation that the County

does so for "intentional, malicious or reckless reasons," *id.*, or that Ruggerio is incapable of performing an independent investigation. Consequently, Follett's *Monell* claim fails to state a claim upon which relief can be granted.

In sum, Follett's Fourth Amendment claims cannot proceed because Ruggerio had probable cause to arrest Follett for assaulting Klein with a dangerous weapon, which is a felony under Michigan law. *See* Mich. Comp. Laws § 750.82(1). The Court also denies Follett's motion for leave to amend her complaint as futile because her amended complaint does not change the underlying facts supporting Ruggerio's probable cause determination and because her newly added *Monell* claim against Clinton County fails to state a claim on which relief can be granted.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 10) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Follett's objections to the R&R (ECF No. 11) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Follett's motion for leave to amend her complaint (ECF No. 12) is **DENIED**.

A judgment dismissing the case will issue.

Dated: October 30, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE